## HULBERT *v.* FAYARD

No. 40293 January 28, 1957 92 So. 2d 247

*John Sekul,* Biloxi; *Jackson & Ross,* Jackson; *Bidwell Adam,* Gulfport, for appellants.

*J. D. Stennis, Jr.*, Biloxi, for appellees.

KYLE, J.

This case is before us on appeal by Mrs. Bell Brown Hulbert and her husband, Clarence E. Hulbert, defendants in the court below, from a decree of the Chancery Court of Harrison County rendered in favor of Mrs. Myrtle Fayard and her husband, U. S. Fayard, establishing the true property line between the property owned by the complainants and the property owned by the defendants fronting on Howard Avenue, in the City of Biloxi, and quieting the complainants' title to the property lying immediately east and north of the property line thus established.

The record shows that the complainant, Mrs. Myrtle Fayard, acquired title to two parcels of land fronting on West Howard Avenue, in the City of Biloxi, and extending back northwardly to the right-of-way of the L. & N. R. R. Company, in 1939. The first tract was conveyed to Mrs. Fayard by Mrs. Mary Frances Clark Smith and others, heirs-at-law of Mrs. Louis Ogburn Clark, by deed dated April 7, 1939, in which the property conveyed was described as being "bounded on the north by the right-of-way of the L. & N. R. R. Co., and on the east by the property formerly belonging to James Davey, now Goodman, on the south by Howard Avenue, and on the west by the property formerly belonging to Thomas P. Cleary, now deceased, said lot having a frontage of 78 feet, more or less, on Howard Avenue and running north between parallel lines to the right-of-way of the L. & N. R. R. * * *." The second tract was conveyed to Mrs. Fayard by M. H. Dees, by deed dated April 24, 1939. The property conveyed in that deed was described as, "Being bounded on the south by West Howard Avenue, on the north by the right-of-way of the L. & N. Railroad Company, east by property of Fayard, formerly of Mrs. Louis O. Clark, and on the west by Benachi Addition, or property now or formerly of Mrs. Electa E. Haas; having a frontage on Howard Avenue of 90 feet,

more or less, and running back north between parallel lines to the said right-of-way of the L. & N. Railroad Company; being the same property conveyed by Mrs. Cecile Knaeble Cleary et al. to M. H. Dees, by warranty deed dated July 1, 1937.''

On September 25, 1943, Mrs. Fayard conveyed to Mrs. Mrs. Adelaide Colbet the property known as No. 1146 West Howard Avenue, and ''bounded south by Howard Avenue, West by Benachi Addition, or property now or formerly of Haas; and north and east by property of Fayard; having a frontage on Howard Avenue of 47 feet, and running back in a northerly direction between parallel lines a distance of 159 feet and 9 inches.'' And, on February 1, 1944, Mrs. Fayard conveyed to Mrs. Colbet the property known as No. 1144, West Howard Avenue, and described as, ''Being located on the north side of Howard Avenue between Seal and Benachi Avenues; bounded south by Howard Avenue, west by Colbet, north by property of Fayard, and east by property of Fayard, formerly of Clark; having a frontage on Howard Avenue of 43 feet, more or less, and running back in a northerly direction a distance of 159 feet and 9 inches.'' On October 11, 1944, Mrs. Colbet conveyed to Mrs. Bell Brown, later known as Mrs. Bell Brown Hulbert, the property known as No. 1144, West Howard Avenue, described in the deed from Fayard to Colbet, except as to the frontage on Howard Avenue, which was described in the deed from Colbet to Brown as ''40 feet, more or less,'' instead of ''43 feet, more or less.'' And, on October 6, 1950, Mrs. Colbet conveyed to Matthew W. Blue the property described as, ''Beginning at a point on the north line of West Howard Avenue between Benachi Avenue and Iroquois Street, which point is the intersection of the east line of the property of Haas or Benachi Addition, with the north line of West Howard Avenue, running thence in an easterly direction along the north line of West Howard Avenue 47.9 feet; thence north 22' (minutes)

east 160 feet to a point, running thence west 47 feet to the east line of Haas or Benachi Addition; running thence south along said east line 150 feet to the point of beginning.''

The controversy which resulted in the filing of the bill of complaint in this cause arose during the month of June, 1954, when Mrs. Hulbert removed a row of rocks or stone markers, which had been placed alongside the west boundary line of the Fayard property several years before, and began to use the area as a part of the driveway into the Hulbert property. Mr. Fayard, to whom Mrs. Fayard had conveyed an interest in the property in 1949, protested to Mrs. Hulbert about the removal of the rocks or stone markers, and demanded that they be returned; but Mrs. Hulbert failed to return the stone markers and continued to use the strip of land as a driveway. The Fayards then employed William J. Collins, a civil engineer and surveyor, to make a survey and establish the boundary line between their property and the Hulbert property, preparatory to the erection of a fence along the line. Collins made his survey and established the line and marked the same with iron stakes. The line thus established by Collins intersected the north boundary line of West Howard Avenue at a point about three feet west of the point contended for by the Hulberts. The Hulberts removed one or more of the stakes and threatened to remove the others.

The complainants filed their bill of complaint on December 22, 1954, and attached thereto as an exhibit a copy of Collins' survey. In their bill the complainants asked that the line run out and marked by Collins be declared to be the true property line between the complainants' property and the defendants' property, and that the defendants be enjoined from asserting claim to or interfering with the complainants' use of their property lying east and north of the line thus established. The complainants also asked that they be awarded damages

for the destruction of the stone markers and the expenses incurred by them in having the survey made.

. The defendants in their answer denied that the line established by the complainants' surveyor was the true line between their property and the property owned by the complainants, and they denied that they had trespassed upon the complainants' property in the manner alleged in the bill of complaint. The defendants set forth in their answer their contention concerning the proper location of the division line, and attached to their answer a copy of a plat of a survey made by T. T. Atteberry on January 30, 1955, in support of their contention; and the defendants asked that the bill of complaint be dismissed.

The case was tried before the chancellor at the March 1955 term of the court. The testimony consisted mainly of the testimony of the two surveyors, and the testimony of U. S. Fayard and Mrs. Bell Brown Hulbert relative to the location of physical objects and the lines of occupancy. Each of the two surveyors gave a detailed account of the method used by him to establish the east boundary line of the Benachi Addition, which is referred to in the deed from Fayard to Colbet dated September 25, 1943, as the west boundary line of the property conveyed to the grantee in that instrument.

Collins testified that he used as a starting point for his survey the center line of Iroquois Street, which is well established and marked as an improved thoroughfare running northwardly from the West Howard Avenue intersection and crossing the L. & N. Railroad Company right-of-way about 250 feet north of that intersection. Collins stated that there were several old markers on Iroquois Street, north of the railroad crossing, which had been placed there by D. J. Ferguson (now deceased), who surveyed property in the City of Biloxi during a long period of time, and whose records Collins had in his possession. Collins stated that he located

these old markers, one of which was located about 200 feet north of the railroad crossing, and another about 500 or 600 feet north of Division Street, and checked them with the existing property lines in that area. By the use of these old markers and other records of Ferguson's surveys, along with other information obtained by his own survey, Collins established the east boundary line of Benachi Addition, north of the railroad right-of-way, 292 feet west of Iroquois Street; and having established the line north of the railroad right-of-way, he extended the line southward to West Howard Avenue. Collins stated that the line thus established agreed with the line that he had established several years before, when he replatted the Benachi Addition.

Collins stated that the line thus established by him as the east line of the Benachi Addition intersected the north line of West Howard Avenue at a point 1.4 feet west of a brick wall, which had been erected by the owner of the Haas property prior to the execution of the deeds from Fayard to Colbet, and which extended northwardly from West Howard Avenue a distance of approximately 130 feet, at an angle bearing slightly eastward from the east line of the Benachi Addition. Assuming that the brick wall should be accepted as the west boundary line of the property conveyed by Fayard to Colbet by the deed dated September 25, 1943, Collins ran a line northwardly along the east edge of the brick wall a distance of 159 feet and 9 inches to a point, which marked the northwest corner of the property conveyed by Fayard to Colbet. He then ran a line from that point westwardly, parallel with West Howard Avenue, a distance of 90 feet to a point which marked the northeast corner of the property conveyed by Fayard to Colbet by deed dated February 1, 1944; and from that point he ran a line southwardly, parallel with the above mentioned brick wall, a distance of 159 feet and 9 inches to the point of intersection with the north boundary of West Howard

Avenue; and that line marked the boundary, according to Collins, between the property of Fayard and the property of Hulbert, who was Colbet's grantee. Collins' survey showed the lot owned by Hulbert as having a frontage of 43 feet on West Howard Avenue, and the lot owned by Blue as having a frontage of 47 feet on West Howard Avenue. According to Collins' testimony the northeast corner of Hulbert's property was established at a point 3.42 feet east of the old line between Clark and Cleary. The southeast corner of Hulbert's property, however, was fixed at a point only a few inches from the old Clark and Cleary line.

Atteberry testified that he established the east line of the Benachi Addition, between West Howard Avenue and the railroad right-of-way, by beginning at the intersection of the center line of Benachi Avenue with the north line of Front Street or West Beach Boulevard, and measuring 158 feet from the center line of Benachi Avenue eastwardly along Front Street or West Beach Boulevard, thence northwardly 1494.2 feet to the south line of the L. & N. Railroad property, where he found a fence post or corner post which marked the northeast corner of Lot 1 of Block 1 of the Benachi Addition, referred to in the record as the property of Haas. The point of intersection of the east line of Benachi Avenue with the north line of West Howard Avenue, according to Atteberry's survey, was 2.95 feet east of the brick wall shown on Collins' plat. Atteberry's survey showed the distance from the south end of the brick wall to the southeast corner of Hulbert's lot as 94.5 feet. Atteberry's survey showed Hulbert's lot fronting on West Howard Avenue a distance of 43.5 feet, leaving the lot lying west of Hulbert with a frontage on West Howard Avenue of approximately 51 feet. Atteberry's survey showed the division line between Fayard and Hulbert running within three or four inches of the northwest corner of Fayard's dwelling house, and under the eaves of the

building, and the division line between Hulbert and Blue running under the porch at the southwest corner of Hulbert's house.

Atteberry admitted that the plat of the survey which he had made on January 30, 1954, differed in many important particulars from the plat of a survey which he had made for Mrs. Hulbert during the preceding October for the purpose of enabling her to procure a loan from the First Federal Savings and Loan Association of Biloxi.

The chancellor found that the Collins survey followed the calls of the deeds from Mrs. Fayard to Mrs. Hulbert's predecessor in title; and that the location of the east line of the Benachi Addition by the surveyor Collins was made with reference to fixed and established points with more definiteness than the line located by the surveyor Atteberry, who had made two separate surveys of the property which were conflicting; and the chancellor entered a decree establishing the line run out and marked by Collins as the true property line between the property owned by the complainants and the property owned by the defendants, and quieting the complainants' title to the property lying east and north of that line as against the claims of the defendants. No damages, however, were awarded to the complainants.

Only two points are argued by the appellants' attorneys as ground for reversal of the decree of the lower court: (1) That the chancellor erred in his determination of the facts; and (2) that the survey of Atteberry was correct, because Atteberry began at an established beginning point and considered the monuments as controlling over the distances called for in the deeds.

But we think that it cannot be said that the chancellor's findings in this case are manifestly wrong.

The description of the lot conveyed by Fayard to Colbet on February 1, 1944, as shown in the deed of con-

veyance, may have been ambiguous, in that the lot was described in the deed as having a frontage on West Howard Avenue of "43 feet, more or less." But it can be readily seen from the plats of the two surveyors and the testimony of the witnesses that the lines established by Atteberry as the division lines between the property of the appellants and the property of the appellees, and between the property of the appellants and the lot owned by Blue, did not conform to the lines of occupancy which had been recognized by the adjoining property owners prior to the appellants' removal of the stone markers during the summer of 1954, and could not be reconciled with the location of buildings and other physical objects on the ground. The division lines established by Collins, on the other hand, followed closely the lines of occupation which had been acquiesced in and apparently accepted by the owners of the adjoining properties for a period of several years prior to the appellants' removal of the stone markers.

 Acquiescence in a wrong boundary line will not establish it as a true line, but such acquiescence for a long period of time is evidence that such line is the true line. Brown v. Derway (Vt.), 192 A. 16; Ralston v. Dwiggins, 115 Kan. 842, 225 P. 343. "Recognition of, and acquiescence in, a line as the true boundary of one's land, not induced by mistake, and continued through a considerable period of time, afford strong, if not conclusive, evidence that the line so recognized is in fact the true line * * *." 11 C. J. S., 654, Boundaries, par. 81.

 The chancellor in our opinion was justified in his finding that Collins' survey followed the calls of the deed from Mrs. Fayard to Mrs. Hulbert's predecessor in title, and that the location of the east line of the Benachi Addition by the surveyor Collins was made with reference to fixed and established points with more definiteness than the line located by the surveyor Atteberry.

We find no reversible error in the record and the judgment of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.